IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN EVE, | CIVIL NO. 1:11-CV-01131 |
| Plaintiff | |
| v. | |
| STEPHEN LYNCH; ANDREW B. SMITH; CPL. KEVIN SHANAHAN; JAMES R. FISHER; and ROBERT DEMUEL, | JUDGE SYLVIA H. RAMBO |
| Defendants | |

# MEMORANDUM

Plaintiff, proceeding *pro se*, filed this suit under 42 U.S.C. § 1983 alleging federal civil rights violations and also bringing state tort claims as a result of alleged use of excessive force during Plaintiff's arrest on September 26, 2009. Presently before the court is Defendants Shanahan's and Fisher's ("Moving Defendants") motion for partial judgment on the pleadings. (Doc. 27.) For the reasons set forth below, the motion will be granted.

## I.   Background

Unless otherwise noted, the following facts are taken directly from Plaintiff's third amended complaint,[1] (Doc. 19), which was filed *pro se* on November

---

[1] Plaintiff filed his original complaint on June 14, 2011 (Doc. 1), followed by an amended complaint on July 7, 2011 (Doc. 9), a second amended complaint on October 11, 2011 (Doc. 13), and a third amended complaint on November 30, 2011 (Doc. 19). Defendants Shanahan
(continued...)

30, 2011. Plaintiff was arrested during a disturbance at Arooga's Bar and Grille in Harrisburg, Pennsylvania, at about 2:00 a.m. on September 26, 2009.[2] Plaintiff alleges that Defendants Shanahan and Fisher used excessive force while arresting Plaintiff, resulting in injuries. Defendants Shanahan and Fisher are Pennsylvania state troopers. Specifically, Plaintiff claims that Troopers Shanahan and Fisher "dragged and knocked the plaintiff on the floor" and "beat him repeatedly about the face and body until he became unconscious." (Doc. 19 ¶ 5.) The complaint also names as Defendants Robert Demuel, a Derry Township Police Officer, and Stephen Lynch and Andrew B. Smith, who are employed as bouncers at Arooga's Bar and Grille. (*See* Compl., Doc. 1.) Plaintiff's third amended complaint claims a deprivation of his constitutional rights under 42 U.S.C. § 1983 and also asserts state law claims for intentional infliction of emotional distress and assault.

On January 20, 2012, Defendants Shanahan and Fisher filed a motion for partial judgment on the pleadings (Doc. 27) and brief in support (Doc. 28). A brief in opposition to Defendants' motion was due on February 3, 2012, however no brief was filed. On February 28, 2012, the court issued an order to show cause by March 9, 2012, why Defendants' motion should not be deemed unopposed. (Doc. 30.) On March 16, 2012, the court received a letter, dated March 8, 2012 and addressed to the Clerk of Court, requesting either further postponement of the matter or that he be appointed counsel. In the letter, Plaintiff states that he "had been receiving help from another inmate who has since been transferred to another

---

[1](...continued)
and Fisher answered the third amended complaint on January 19, 2012. (Doc. 25.)

[2] Plaintiff is currently an inmate at the Centre County Correctional Facility. (*See* Doc. 1, Compl.; Doc. 28 at 1.)

facility" and claims that he lacks knowledge in the law. The court, accepting the letter as a timely response to the court's order to show cause, granted Plaintiff an additional thirty days, or until April 20, 2012, to respond to Defendants' motion for partial judgment on the pleadings. (Doc. 32.) Plaintiff failed to file any response and the motion shall therefore be deemed unopposed.

**II.         Legal Standard**

Under Federal Rule of Civil Procedure 12(c), once the pleadings are closed, a party may move for judgment on the pleadings "within such time as to not delay the trial." Fed. R. Civ. P. 12(c).[3] The standard of review for a motion for judgment on the pleadings is identical to that of the motion to dismiss under Federal Rule 12(b)(6). *Turbe v. Gov't of Virgin Islands,* 938 F.2d 427, 428 (3d Cir. 1991) (citations omitted); *Cannon v. United States*, 322 F. Supp. 2d 636, 636 (W.D. Pa. 2004); *Katzenmoyer v. City of Reading*, 158 F. Supp. 2d 491, 496 (E.D. Pa. 2001). The only notable difference between these two standards is that the court in a motion on the pleadings reviews not only the complaint but also the answer and any written instruments and exhibits attached to the pleadings. 2 Moore's Fed. Practice Civil § 12.38 (2004); *Prima v. Darden Restaurants, Inc*., 78 F. Supp. 2d 337, 341-42 (D.N.J. 2000). Despite this difference, courts in this circuit have consistently stated that the distinction between the two standards is "merely semantic." *Christy v. We The*

---

[3] Federal Rule of Civil Procedure 12(c) provides:

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . .

*People Forms & Serv. Ctrs.*, 213 F.R.D. 235, 238 (D.N.J. 2003); *see Smith v. City of Philadelphia,* 345 F. Supp. 2d 482, 485 (E.D. Pa. 2004) ("A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is treated using the same standard as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") (citing *Regalbuto v. City of Philadelphia*, 937 F. Supp. 374, 376-77 (E.D. Pa. 1995)).

In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007); *Phillips v. County of Allegheny, et al.*, 515 F.3d 224, 233 (3d Cir. 2008). If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir. 2007); *see also Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1949 (2009) (explaining a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Further, when a complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950. However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*.

(quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient. *See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

**III.       Discussion**

Moving Defendants argue that partial judgment on the pleadings should be granted on Plaintiff's assault and intentional infliction of emotional distress claims because Moving Defendants are entitled to sovereign immunity on those state law claims.

Sovereign immunity bars claims that are asserted against the Commonwealth, its agencies, and Commonwealth employees acting within the scope of their office or employment. *See Mitchell v. Luckenbill*, 680 F. Supp. 2d 672, 681-82 (M.D. Pa. 2010) (citing 1 Pa. Cons. Stat. Ann. § 2310.)  The Pennsylvania General Assembly, after the judicial abolition of sovereign immunity by the Pennsylvania Supreme Court in *Mayle v. Pa. Dep't of Highways*, 388 A.2d 709 (Pa. 1978), reaffirmed by statute the concept of immunity for the Commonwealth and its employees.  The statute reads:

> Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, *and its officials and employees acting within the scope of their duties*, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) or 62 (relating to procurement) unless otherwise specifically authorized by statute.

1 Pa. Cons. Stat. Ann. § 2310 (emphasis added).

The Pennsylvania General Assembly has provided nine specific exceptions to the general grant of immunity: (1) the operation of a motor vehicle in the control or possession of a Commonwealth party; (2) health care employees; (3) care, custody or control of personal property; (4) Commonwealth-owned property; (5) potholes or other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. *See* 42 Pa. Cons. Stat. Ann. § 8522.

[T]he proper test to determine if a Commonwealth employee is protected from liability pursuant to 1 Pa. Cons. Stat. Ann. § 2310 and 42 Pa. Cons. Stat. Ann. § 8522 is to consider whether the Commonwealth employee was acting within the scope of his or her employment; whether the alleged act which causes injury was negligent and damages would be recoverable but for the availability of the immunity defense; and whether the act fits within one of the nine exceptions to sovereign immunity. *See La Frankie v. Miklich,* 618 A.2d 1145, 1149 (Pa. Commw. Ct. 1992). Immunity has been previously upheld for Commonwealth law enforcement officers by this court as well as by the courts of the state. *See, e.g.,*

*Mitchell*, 680 F. Supp. 2d 672; *Shoop v. Dauphin Cty.*, 766 F. Supp. 1327, 1333 -1334 (M.D. Pa. 1991); *Borosky v. Commonwealth,* 406 A.2d 256 (Pa. Commw. Ct. 1979).

Plaintiff's state tort claims do not fall within one of the specific exceptions to sovereign immunity. Indeed, it is well-established that sovereign immunity applies to intentional torts provided the defendant is acting within the scope of his or her employment. *See Stone v. Felsman*, 2011 U.S. Dist. LEXIS 125909, \*35-36 (M.D. Pa. Nov. 1, 2011) (collecting cases). Courts have found that conduct of an employee is within the scope of employment if "'it is of a kind and nature that the employee is employed to perform; [and] it occurs substantially within the authorized time and space limits . . . .'" *Larsen v. State Employees' Ret. Sys.,* 553 F. Supp. 2d 403, 420 (M.D. Pa. 2008) (quoting *Velykis v. Shannon,* 2006 U.S. Dist. LEXIS 78875, at \*11 (M.D. Pa. Oct. 30, 2006)).

Here, the record clearly supports the conclusion that Moving Defendants were acting within the scope of their employment when the alleged excessive force was used. Moving Defendants were responding to a dispute that arose between employees of Arooga's and Plaintiff and, in the process, effectuated Plaintiff's arrest. The actions taken by Moving Defendants are all of a kind and nature that a trooper is employed to perform and were taken in their capacity as state troopers, not as private individuals. Accordingly, sovereign immunity applies to Plaintiff's assault and intentional infliction of emotional distress claims against Defendants Shanahan and Fisher and those claims will be dismissed. Moreover, because Plaintiff has amended his complaint several times and further amendments will not negate Moving Defendants' immunity against Plaintiff's state law tort claims, the court will dismiss these claims with prejudice.

An appropriate order will issue.

                                                                  s/Sylvia H. Rambo
                                                                 United States District Judge

Dated: May 10, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN EVE,** : | **CIVIL NO. 1:11-CV-01131** |
| **Plaintiff** : | |
| v. : | |
| **STEPHEN LYNCH;** : | |
| **ANDREW B. SMITH;** : | |
| **CPL. KEVIN SHANAHAN;** : | |
| **JAMES R. FISHER; and** : | |
| **ROBERT DEMUEL,** : | |
| **Defendants** : | |

# O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Defendants Shanahan's and Fisher's motion for partial judgment on the pleadings (Doc. 27) is **GRANTED** and the state law claims against Shanahan and Fisher are **DISMISSED** with prejudice**.**

                                                   s/Sylvia H. Rambo
                                                 United States District Judge

Dated: May 10, 2012.