IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN EVE,** | : | CIVIL NO. 1:11-CV-01131 |
| **Plaintiff** | : | |
| v. | : | |
| **STEPHEN LYNCH;** | : | |
| **ANDREW B. SMITH;** | : | |
| **CPL. KEVIN SHANAHAN;** | : | JUDGE SYLVIA H. RAMBO |
| **JAMES R. FISHER; and** | : | |
| **ROBERT DEMUEL,** | : | |
| **Defendants** | : | |

## **MEMORANDUM**

Plaintiff, John Eve, commenced this action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging violations of his Fourth Amendment rights as a result of the alleged use of excessive force during his arrest on September 26, 2009. Plaintiff also brings state law claims of aggravated assault and intentional infliction of emotional distress ("IIED"). Presently before the court are two unopposed motions for summary judgment, one filed by Corporal Kevin Shanahan and Trooper James Fisher ("Commonwealth Defendants"), and another filed by Stephen Lynch and Andrew Smith ("Defendants Lynch and Smith"). (Docs. 41 & 43.) For the following reasons, the motions are granted. The court also dismisses all claims against Robert Demuel *sua sponte*.

I.      **Background**

     A.      **Facts**[1]

On September 26, 2009, at approximately 2:00 a.m., John Eve ("Plaintiff") was arrested by Corporal Kevin Shanahan and Trooper James Fisher ("Commonwealth Defendants") after a disturbance at Arooga's Bar and Grille ("Arooga's"), located at 7025 Allentown Blvd., Harrisburg, Pennsylvania. (Doc. 42, Commonwealth Defendants' Statement of Undisputed Material Facts ("CDSMF") ¶ 4.) As a result of the events that transpired during the arrest, Plaintiff brought suit against Commonwealth Defendants and against two of Arooga's bouncers, Stephen Lynch and Andrew B. Smith ("Defendants Lynch and Smith"), for excessive force pursuant to 42 U.S.C. § 1983. (*Id*. ¶ 2.)

On September 24, 2009, Plaintiff, who was then employed as a truck driver, was scheduled to pick up a load at a General Mills located near Arooga's. (*Id*. ¶¶ 3, 4.) However, Plaintiff was informed that the load would not be ready until September 26, 2009. (*Id*. ¶ 5.) Plaintiff parked his truck at Arooga's to wait for the

---

[1] In *Forbes v. Twp. of Lower Merion*, 313 F.3d 144, 148-49 (3d Cir. 2002), the Third Circuit reaffirmed its supervisory rule first announced in *Vadino v. A. Valey Engineers*, 903 F.2d 253, 259 (3d Cir. 1990) that "the district courts in this circuit [must] accompany grants of summary judgment hereafter with an explanation sufficient to permit the parties and this court to understand the legal premise for the court's order." *Vadino*, 903 F.2d at 259; *see also* Fed. R. Civ. P. 56(a) ("The court should state on the record the reasons for granting or denying the motion."). Normally, when deciding a motion for summary judgment, the court will rely on the facts enumerated in the parties' respective statement of material facts and counter-statement of material facts, and cite to the record when those facts are genuinely disputed. However, in the instant case, Plaintiff has failed to provide a brief in opposition to the motion for summary judgment *or* a counter-statement of material facts, despite two extensions and a court order directing him to do so. (*See* Docs. 48 & 50.) Therefore, the court will consider Defendants' statements of material facts to be uncontested. *See Miller v. Ashcroft*, 76 F. App'x 457, 460 (3d Cir. 2003) (treating facts as uncontested due to plaintiff's failure to file a timely counter-statement of material facts). Nevertheless, the court, has thoroughly reviewed the record, including the deposition testimony of Plaintiff, is able to determine where any genuine issue of material fact exist without the benefit of a properly filed counterstatement of material fact.

load to be ready for pick up. (*Id.* ¶ 7.) The next day, Plaintiff visited a nearby truck stop where he purchased a 9 millimeter ("mm") Smith and Wesson handgun and two magazines, each containing 16 bullets, from another truck driver. (*Id.* ¶ 8.) Plaintiff then visited a beer distributor located next to Arooga's and purchased a case of 16-ounce beers. (*Id.* ¶ 9.) After consuming four to five of these beers in his truck, Plaintiff entered Arooga's. (CDSMF ¶¶ 10, 11; Doc. 45, Defendants Lynch and Smith Statement of Material Fact ("LSSMF") ¶ 8; Doc. 42-1, Eve Dep. pp. 59-60.) Plaintiff sat at the bar and consumed at least four tequila and red bull drinks. (CDSMF ¶¶ 11, 14; LSSMF ¶ 9; Doc. 42-1, Eve Dep. pp. 60-61.) Plaintiff brought the 9 mm into Arooga's loaded, while carrying the other magazine in his pocket. (CDSMF ¶ 12; LSSMF ¶ 7; Doc. 42-1, Eve Dep. pp. 66, 68.)

At around 2:00 a.m. on September 26, 2009, Defendants Lynch and Smith separately approached Plaintiff and informed him that the bar was closing and that he had to leave. (CDSMF ¶¶ 15, 16; LSSMF ¶ 12; Doc. 42-1, Eve Dep. pp. 14-15.) Plaintiff admits he was drunk at the time and that he was angered by Defendant Smith's comments. (CDSMF ¶ 17; Doc. 42-1, Eve Dep. p. 25.) Plaintiff then got off his bar stool, approached Defendants Lynch and Smith, pulled the 9 mm from his waistband, and cocked the gun. (CDSMF ¶ 18.) Plaintiff separately aimed the gun in Defendant Smith and Lynch's faces. (CDSMF ¶¶ 19, 20; LSSMF ¶ 13; Doc. 42-1, Eve Dep. p. 28.) At this time, Plaintiff was also yelling and cursing at Defendant Smith. (CDSMF ¶¶ 19, 20.)

Commonwealth Defendants subsequently arrived and attempted to arrest Plaintiff who is approximately six feet tall and weighed approximately 210 lbs at the time of the arrest. (CDSMF ¶ 21; LSSMF ¶ 34; Doc. 42-1, Eve Dep. pp. 79-

3

80.) However, Plaintiff resisted arrest. (CDSMF ¶ 21; LSSMF ¶ 22.) Defendants Smith and Lynch attempted to aid the officers in effectuating Plaintiff's arrest. (CDSMF ¶ 22.) While assisting the officers, either Smith or Lynch punched Plaintiff in the mouth. (*Id.* ¶ 22.) After Commonwealth Defendants gained control, they handcuffed Plaintiff and removed the gun from his waistband. (LSSMF ¶ 23; Doc. 42-1, Eve Dep. pp. 44-45.) Plaintiff was then taken to Hershey Medical Center where he refused medical treatment.[2] (CDSMF ¶¶ 23, 24.)

While at Hershey Medical Center, an unidentified officer witnessed Plaintiff attempting to remove an object from his pocket.[3] (*Id.* ¶ 25.) The officer, with the assistance of the Commonwealth Defendants, searched Plaintiff, revealing the second loaded magazine. (CDSMF ¶ 25; Doc. 46, Brief in Support of Commonwealth Defendants' Mot. for Sum. J., p. 7.) Plaintiff was not injured during the search. (*Id.* ¶ 30.)

As a result of the incident, Plaintiff pled guilty to Possession of a Firearm Prohibited, 18 Pa.C.S. § 6105(A)(1); Firearms Not to be Carried Without a License, 18 Pa.C.S. § 6106(A)(1); two counts of Terroristic Threats with Intent to Terrorize Another, 18 Pa.C.S. § 2706(A)(1); two counts of Simple Assault, 18 Pa.C.S. § 2701(A)(3); two counts of Recklessly Endangering Another Person, 18

---

[2] Plaintiff was eventually treated with ibuprofen for the cut he sustained on his lip during the arrest. (CDSMF ¶ 28.)

[3] The court is unable to ascertain the identity of the officer at Hershey Medical Center. There is some indication that the unidentified officer was one of the defendant officers. (Doc. 19.) However, in Plaintiff's deposition he stated he did not remember either the bouncers or any other "gentlemen from the bar" accompanying him to the hospital. (Doc. 42-1, Eve Dep. p. 92.) Furthermore, neither Commonwealth Defendants' nor Defendant Lynch and Smith's statements of material fact identify who the officer was that witnessed Plaintiff removing an object from his pocket.

Pa.C.S. § 2705; and Resisting Arrest, 18 Pa.C.S. § 5104. (CDSMF ¶ 27.) Plaintiff is currently serving a sentence of seven and a half to seventeen years. (*Id.*)

### b. **Procedural History**

Plaintiff filed his original *pro se* complaint with this court on June 14, 2011. (Doc. 1.) After the court granted an extension, Plaintiff filed his third and most recent amended complaint on November 30, 2011. (Docs. 18 & 19.) Although not the picture of clarity, Plaintiff's third amended complaint, when construed liberally, appears to set forth (1) a Section 1983 Fourth Amendment excessive force claim and (2) state law claims for aggravated assault and intentional infliction of emotional distress ("IIED") against all Defendants. On May 10, 2012, the court granted the Commonwealth Defendants' Motion for Partial Judgment on the Pleadings, thereby dismissing all state law claims against Commonwealth Defendants with prejudice. (Doc. 36.)

On December 3, 2012, Commonwealth Defendants filed a motion for summary judgment and a statement of material facts, followed by a brief in support on December 6, 2012. (Docs. 41, 42, & 46.) On December 4, 2012, Defendants Lynch and Smith also filed a motion for summary judgment, a statement of material facts, and a brief in support. (Docs. 43, 44, & 45.) On January 7, 2013, after receiving no response from Plaintiff, the court issued a rule to show cause by January 17, 2013 why Defendants' motions should not be deemed unopposed. (Doc. 48.) On January 22, 2013, the court received a letter from Plaintiff dated January 16, 2013, requesting a postponement until he is able to meet with his attorney.[4] (Doc.

---

[4] As no attorney has entered an appearance on behalf of Plaintiff, Plaintiff continues to proceed *pro se*.

49.) On January 23, 2013, the court granted Plaintiff's request for postponement, ordering Plaintiff to respond by February 8, 2013. (Doc. 50.) Plaintiff has failed to respond by February 8, 2013, and to date the court has received no response from Plaintiff. Thus, the motions are deemed ripe for disposition.

**II.**     **Legal Standard**

Federal Rule of Civil Procedure 56 sets forth the standard and procedures for the grant of summary judgment. Rule 56(a) provides, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law. Fed R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A factual dispute is "material" if it might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. *Id.* at 248. When evaluating a motion for summary judgment, a court "must view the facts in the light most favorable to the non-moving party," and draw all reasonable inferences in favor of the same. *Hugh v. Butler Cnty. Family YMCA,* 418 F.3d 265, 267 (3d Cir. 2005).

The moving party bears the initial burden of demonstrating the absence of a disputed issue of material fact. *See Celotex*, 477 U.S. at 324. "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Azur v.*

*Chase Bank, USA, Nat. Ass'n,* 601 F.3d 212, 216 (3d Cir. 2010). The nonmoving party may not simply sit back and rest on the allegations in its complaint; instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotations omitted); *see also Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322-23. "Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of W. Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

### III.     Discussion

#### a.     Section 1983 Fourth Amendment Claim against Commonwealth Defendants

Section 1983 of Title 42 of the United States Code offers private citizens a means to redress violations of federal law by state officials. The statute provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

7

42 U.S.C. § 1983. Although Section 1983 provides the vehicle for enforcing violations of federal rights either conferred by the United States Constitution or federal statute, it is not a stand alone source of substantive rights. *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 749 n.9 (1999). Therefore, in order to prevail in an action under Section 1983, a plaintiff must demonstrate a violation of a right secured by the Constitution and the laws of the United States and that the alleged violation was committed by a person acting under the color of state law. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).

All claims against police officers alleging that excessive force was used during an arrest should be analyzed under the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). To establish an excessive force claim under the Fourth Amendment, "a plaintiff must show both that a seizure occurred and that it was unreasonable." *Lynn v. Schertzberg*, 169 F. App'x 666, 669 (3d Cir. 2006) (citing *Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004)). "To determine reasonableness, the Court asks whether the officer's conduct was 'objectively reasonable' in light of the totality of the circumstances." *Id*. The determination of whether the force employed by a defendant was excessive requires the court to evaluate the reasonableness of "a particular use of force . . . from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.

Factors that the court should consider to determine the reasonableness of the officer's actions include: (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officer and others, (3) whether

the action occurred during an arrest, (4) whether the suspect is actively resisting arrest or attempting to evade arrest by flight, (5) the duration of the action, (6) the possibility that the suspect may be armed, and (7) the number of persons with whom the police officers must contend at one time ("the *Graham* and *Sharrar* factors"). *See Graham*, 490 U.S. at 396; and *Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997). The court should be sensitive to "the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." *Couden v. Duffy*, 446 F.3d 483, 497 (3d Cir. 2006).

Plaintiff testified at his deposition that Commonwealth Defendants threw him on the ground and jumped on top of him during the arrest. (Doc. 42-1, Eve Dep. p. 33.) Although these actions constitute a seizure, the seizure must have been unreasonable in order for Plaintiff to prevail on his excessive force claim under the Fourth Amendment. *See Lynn*, 169 F. App'x at 669. Applying the *Graham* and *Sharrar* factors, the court finds that Commonwealth Defendants' actions during the arrest did not constitute excessive force. For example, the crimes at issue, including possession of a prohibited firearm, two counts of terroristic threats with the intent to terrorize another, and two counts of recklessly endangering another person, are severe. Plaintiff is now serving seven and a half to 17 years for these crimes. Furthermore, Plaintiff posed an immediate threat to the safety of the officers and others prior to and during his arrest. Plaintiff was armed with a loaded 9 mm handgun. Just prior to Plaintiff's arrest, Plaintiff pointed the loaded gun at Defendants Lynch and Smith's head. Plaintiff was intoxicated and making verbal threats. Plaintiff was still armed when Commonwealth Defendants arrived at the

9

scene. Moreover, Plaintiff actively resisted arrest. Commonwealth Defendants did not succeed in disarming Plaintiff until after they had him in handcuffs. Based on these facts, it is reasonable for an officer to use force in restraining a struggling suspect, particularly a suspect whom the officer knows to be armed. In short, the court finds that the amount of force Commonwealth Defendants used while arresting Plaintiff was not excessive because the crime for which Plaintiff was being arrested was severe, Plaintiff posed a significant risk to those present, Plaintiff was armed, and Plaintiff actively resisted arrest.

In addition to the *Graham* and *Sharrar* factors favoring the reasonableness of Commonwealth Defendants' actions, Plaintiff himself admits that Commonwealth Defendants' actions during the arrest were justified "to a point."[5] (*See* Doc. 42-1, Eve Dep. p. 34.) Plaintiff stated Commonwealth Defendants' actions of throwing him on the ground and jumping on top of him were "understandable

---

[5] Plaintiff argues that the police should have prevented Defendants Lynch and Smith from physically harming him during the arrest. Generally, a state actor has no affirmative duty to protect an individual from the acts of a third party. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 907 (3d Cir. 1997) (citations omitted). However, a state actor may still be found liable under Section 1983 for failing to protect an individual from third parties if either the "special relationship" doctrine or the state-created danger theory apply. *Id.* In order for a plaintiff to recover under the state-created danger theory, a plaintiff must demonstrate that a state actor created a dangerous environment, was aware of the dangerous environment, and willfully disregarded that danger. *Id.* Similarly, under the "special relationship" doctrine, a plaintiff must demonstrate that he or she was in legal custody of a state actor, the state has intended to provide affirmative protection to his or her particular class, and the state knew of the plaintiff's predicament. *Stoneking v. Bradford Area Sch. Dist.*, 856 F.2d 594, 605 (3d Cir. 1988) (Judge Stapleton, dissenting); *Jensen v. Conrad*, 747 F.2d 185, 195 n.11 (4th Cir. 1984). Under either exception, Plaintiff must prove that Commonwealth Defendants owed Plaintiff a duty to protect against third parties and that Commonwealth Defendants breached that duty. Neither exception applies to the instant case because Commonwealth Defendants did not create a dangerous environment nor did they breach any duty owed to Plaintiff. On the unopposed facts before the court, Commonwealth Defendants did not place Plaintiff in any danger as they attempted to arrest him, and the force that was used was necessary and reasonable to effectuate the arrest. Once Plaintiff was placed in legal custody, he was not harmed. To the contrary, he was immediately taken to Hershey Medical Center for treatment. Thus, neither exception to the general rule that a state actor has no affirmative duty to protect an individual from the acts of a third party is applicable and this argument is therefore discredited.

since I had a firearm on me, you know, I just committed a felony, I'm under arrest." (*Id.* at p. 33.) Thus, for this additional reason, the court finds that Commonwealth Defendants' use of force during Plaintiff's arrest was reasonable.[6] As such, Commonwealth Defendants' motion for summary judgment will be granted as to Plaintiff's Fourth Amendment excessive force claim.

### b. Section 1983 Fourth Amendment Claim against Defendants Lynch and Smith

Section 1983 applies only to persons who act "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. Although it is possible for a private citizen to act under the color of state law,[7] "the rendering of brief, ad hoc assistance to a public officer [does not] transform a bystander into a state actor." *Gannaway v. Karetas*, 438 F. App'x 61, 66 (3d Cir. 2011) (citing *Proffitt v. Ridgway*, 279 F.3d 503, 508 (7th Cir. 2002)). Rather, rendering ad hoc assistance to the police is a duty of citizenship, the performance of which does not turn the performer into a state actor. *Id*.

In the instant case, based upon the undisputed record before the court,

---

[6] Even if the court did not find Commonwealth Defendants' actions to be reasonable, the court finds that Commonwealth Defendants would be entitled to qualified immunity because they did not violate a clearly established right during the course of the arrest of which a reasonable officer would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). It has been said that qualified immunity protects "all but the plainly incompetent [officers] or those who knowingly violate the law." *Messerschmidt v. Millender*, 132 S. Ct. 1235, 1244, __ U.S. __ (Mar. 30, 2012) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). The court has little trouble finding that, under these circumstances, Commonwealth Defendants were not plainly incompetent or in knowing violation of the law, thus entitling them to qualified immunity.

[7] A private citizen may be acting under the color of state law if they conspired with a state actor to deprive an individual of their constitutional rights or if they become an officer *pro tem*. *See Proffitt v. Ridgway*, 279 F.3d 503, 507 (7th Cir. 2002). Neither of these circumstances are applicable to the instant case.

11

the court finds that Defendants Lynch and Smith were not state actors for purposes of a Section 1983 claim. Defendants Lynch and Smith were not acting under the color of state law at any point during Plaintiff's arrest or the events preceding it. They are not police officers. They do not have the power to arrest citizens. They were not given police powers by Commonwealth Defendants to assist during the arrest. Any assistance they rendered to the police during Plaintiff's arrest was on their own volition as private citizens and as employees of Arooga's, a private entity. Their actions constituted brief, ad hoc assistance to the police which does not transform them into state actors. Therefore, Defendants Lynch and Smith's motion for summary judgment will be granted as to Plaintiff's Section 1983 excessive force claim.

### c. **Robert Demuel**

A court may dismiss an action upon motion by the defendant "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Although Rule 41(b) requires a motion by the defendant, the Third Circuit does not interpret this to limit *sua sponte* dismissals. *Williams v. Pennsylvania*, 2012 U.S. Dist. LEXIS 184105, *3 (M.D. Pa. Dec. 20, 2012); *Hamilton v. GSA*, 2010 U.S. Dist. LEXIS 136592, *3 (M.D. Pa. Dec. 1, 2010). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Williams*, 2012 U.S. Dist. LEXIS 184105 at *3 (quoting *Kenney v. Cal. Tanker Co.*, 381 F.2d 775, 777 (3d Cir. 1967)). The failure by a plaintiff to timely serve a complaint upon the defendant(s) will be

deemed a failure to prosecute. *Hamilton*, 2010 U.S. Dist LEXIS 136592 at *3.

The court is unable to ascertain Defendant Robert Demuel's ("Demuel") role in the instant case. Plaintiff's most recent complaint alleges that Demuel was a Trooper for Derry Township Police and was involved in Plaintiff's arrest. (Doc. 19.) However, neither the Pennsylvania State Police nor the Derry Township Police have a record of a "Trooper Demuel." (Doc. 22.) Plaintiff sent a waiver of service to the Pennsylvania State Police for Demuel and the waiver was returned unexecuted on December 16, 2011. (*Id*.) The court instructed Plaintiff to provide an accurate address to serve Defendant Demuel. (*Id*.) Plaintiff failed to provide an accurate address to execute service upon Demuel, which constitutes failure to prosecute. Furthermore, Demuel has been omitted from filings before the court since December 16, 2011. For the above reasons, the court dismisses the action against Demuel *sua sponte*.

### d. Aggravated Assault and IIED claims

In civil actions where the district court has original jurisdiction, the district court also has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). As a question of federal law, the district court has jurisdiction over claims brought pursuant to Section 1983. The district court may decline to exercise supplemental jurisdiction over a pendant claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). However, the district court "must decline to decide the pendant state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative

justification for doing so." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995); *Smith v. Dauphin Cnty. Adult Prob. Dep't*, 2007 U.S. Dist. LEXIS 67400, *36 (M.D. Pa. Sept. 12, 2007).

In the instant case, the court will not exercise supplemental jurisdiction over Plaintiff's aggravated assault and IIED claims.[8] By granting the motions for summary judgment for the Section 1983 claims before it, the court dismisses all claims over which the court had original jurisdiction. Therefore, the court must decline to exercise supplemental jurisdiction over the aggravated assault and IIED claims unless otherwise justified by considerations of judicial economy, convenience, and fairness. *See id*. Because Plaintiff does not articulate a justification for this court to entertain the state claims, the court must decline to exercise supplemental jurisdiction over them. Accordingly, Plaintiff's aggravated assault and IIED claims are dismissed.

---

[8] The court previously dismissed all state law claims against Commonwealth Defendants. (Doc. 36.) Thus, any remaining state law claims are against Defendants Lynch and Smith.

**IV.	Conclusion**

In accordance with the foregoing discussion, the court finds that Defendants' motions for summary judgment should be granted on all claims. An appropriate order will issue.

                                                s/Sylvia H. Rambo
                                                United States District Judge

Dated: February 22, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN EVE,** | : | CIVIL NO. 1:11-CV-01131 |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **STEPHEN LYNCH;** | : | |
| **ANDREW B. SMITH;** | : | |
| **CPL. KEVIN SHANAHAN;** | : | |
| **JAMES R. FISHER; and** | : | |
| **ROBERT DEMUEL,** | : | |
| | : | |
| **Defendants** | : | |

# **O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT**:

(1) Commonwealth Defendants' motion for summary judgment (Doc. 41) is **GRANTED**.

(2) Defendants Lynch and Smith's motion for summary judgment is (Doc. 43) is **GRANTED**.

(3) The clerk of court is directed to enter judgment against Plaintiff and in favor Defendants Lynch, Smith, Shanahan and Fisher on all claims arising under federal law.

(4) Plaintiff's Pennsylvania state law claims of aggravated assault and IIED against Defendants Lynch and Smith are **DISMISSED** without prejudice.

(5) Defendant Robert Demuel is **DISMISSED** from this action.

(6) The clerk of court is directed to **CLOSE** this case.

                                           s/Sylvia H. Rambo
                                           United States District Judge

Dated: February 22, 2013.